**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LABARBARA ALFORD,
KEVIN JOHNSON, and
DESOTA JOHNSON,

        Plaintiffs,

v.     Case No. 15-11464

LIBERTY MUTUAL FIRE INSURANCE
COMPANY and
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

        Defendants.
        /

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR REMAND

Plaintiffs Labarbara Alford, Kevin Johnson, and Desota Johnson initiated the instant action in state court against Defendants Liberty Mutual Fire Insurance Company ("Liberty Mutual") and the Michigan Automobile Insurance Placement Facility (the "MAIPF") alleging that both Defendants violated Mich. Comp. Laws § 500.3101 *et seq.* by refusing or neglecting to pay Plaintiffs' No-Fault Automobile Insurance Benefits. (Dkt. # 1-1, Pg. ID 16, 19.) Liberty Mutual removed the case to federal court on April 22, 2015, averring that Plaintiffs had fraudulently joined the MAIPF and that, absent the MAIPF, the court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. (Dkt. # 1, Pg. ID 1).

Now before the court is Plaintiffs' Motion for Remand, which contends that the MAIPF was not fraudulently joined and, therefore, the court does not have diversity jurisdiction because the MAIPF and Plaintiffs are all citizens of Michigan, defeating the

complete diversity requirement of § 1332(a).  (Dkt. # 6, Pg. ID 59); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  The matter is fully briefed, and no hearing is needed.  *See* E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, the court will deny Plaintiffs' Motion for Remand to State Court.

## I. BACKGROUND

According to the complaint, on April 2, 2014, Plaintiffs were "involved in an automobile accident causing numerous severe and permanent injuries and damages to Plaintiff[s]."  (Dkt. # 1-1, Pg. ID 15.)  Plaintiffs allege that "Defendant Liberty Mutual is liable to them for all [No-Fault Personal Injury Protection] benefits" resulting from the accident.  (*Id.*)  Plaintiffs claim that "[a]lthough demand for payment . . . has been made, Defendants unreasonably . . . refuse or neglect to pay Plaintiffs all Personal Protection Benefits in accordance with [Mich. Comp. Laws §] 500.3101 *et seq.*"  (*Id.* at 16.)

## II. STANDARD

Pursuant to 28 U.S.C. § 1332(a), "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different states."  A corporation is deemed to be a citizen of "of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

2

"The current general-diversity statute . . . , 28 U.S.C. § 1332(a), . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar*, 519 U.S. at 68. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999); *see* 28 U.S.C. § 1441(b). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Id.* The Sixth Circuit recently clarified, "When deciding a motion to remand, including fraudulent joinder allegations, we apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).

"The district court must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party[, and a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493 (internal quotation marks and citations omitted). "As a general rule, removability is determined by the pleadings filed by the plaintiff." *Union Planters Nat'l Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977). However, "[a]s appropriate, . . . [t]he court may look to material outside the pleadings for the limited purpose of determining whether there are undisputed facts that negate the claim." *Casias*, 695 F.3d at 433 (internal

3

quotation marks omitted).

### III. DISCUSSION

According to the complaint and motion papers, Labarbara Alford and Kevin Johnson are citizens of Michigan (Dkt. # 1, Pg. ID 2; Dkt. # 1-1, Pg. ID 14-15), Desota Johnson is a citizen of California (Dkt. # 1, Pg. ID 2; Dkt. # 1-1, Pg. ID 15), Liberty Mutual is a citizen of Wisconsin and Massachusetts (Dkt. # 1, Pg. ID 2; Dkt. # 6), and the MAIPF is a citizen of Michigan (*Id.* at 3; *see* Dkt. # 6, Pg. ID 57).  *See* 28 U.S.C. § 1332(c)(1).  Furthermore, it is uncontested that Plaintiffs' complaint satisfies 28 U.S.C. § 1332(a)'s $75,000 amount in controversy requirement.  (Dkt. # 1, Pg. ID 5; Dkt. # 6.)  Absent the MAIPF, the court would have diversity jurisdiction over this matter because the amount in controversy exceeds $75,000 and all Plaintiffs have diverse citizenship from Liberty Mutual.  *See Caterpillar*, 519 U.S. at 68.  Unless the court finds that the MAIPF was fraudulently joined, the court would be compelled to remand the case for lack of subject matter jurisdiction.

Liberty Mutual alleges that "[t]he only relief sought by Plaintiffs is [Personal Injury Protection ("PIP")] benefits allegedly owed pursuant [to] the Liberty Mutual Policy . . . . MAIPF is not responsible for the payment of PIP benefits.  Rather, the MAIPF is only responsible for assigning PIP claims to participating insurers."  (Dkt. # 1, Pg. ID 4.)  Therefore, "Plaintiffs' Complaint fails to state a claim against MAIPF upon which relief can be granted," creating a case of fraudulent joinder.  (*Id.*)

Meanwhile, Plaintiffs contest that "Plaintiffs submitted applications to the MAIPF requesting benefits from an assigned insurer, but it has not yet assigned an insurer."  (Dkt. # 6, Pg. ID 59.)  Plaintiffs seek "to have MAIPF either assign an insurer or pay the

4

benefits," and therefore, "[t]he cause of action instituted against MAIPF is colorable" and the MAIPF is not fraudulently joined.  (*Id.*)

Liberty Mutual responds that "[i]n their Complaint, Plaintiffs do not request that the Court declare anything, much less that MAIPF is 'compelled to assign an insurer or pay benefits themselves.'" (Dkt. # 7, Pg. ID 66.)  Liberty Mutual also observes that, pursuant to Michigan law, "MAIPF is simply not responsible for the payment of PIP benefits."  (*Id.* at 67.)  Therefore, since Plaintiffs' claim only seeks those benefits, (Dkt. # 1-1, Pg. ID 17, 20), Liberty Mutual argues that "Plaintiffs' Complaint fails to state a claim against MAIPF upon which relief can be granted," resulting in fraudulent joinder and proper removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (Dkt. # 7, Pg. ID 67.)

Under Michigan law, "[t]he [MAIPF] shall make an initial determination of a claimant's eligibility for [No-Fault or PIP] benefits . . . and shall deny an obviously ineligible claim.  The claimant shall be notified promptly in writing of the denial and the reasons for the denial."  Mich. Comp. Laws § 500.3173a(1).  If an applicant is eligible for benefits, "[t]he [MAIPF] shall promptly assign the claim . . . and notify the claimant of the identity and address of the [assigned] insurer."  Mich. Comp. Laws § 500.3174.  The MAIPF, therefore, is an intermediary between claimants and insurers that evaluates claimants' eligibility before assigning them an insurer to pay their benefits.  The MAIPF's enumerated duties do not extend to paying claimants' benefits directly.  *See* Mich. Admin. Code R. 11.102 (stating that the MAIPF was created for the following purposes: "(a) Receiving claims for personal protection insurance benefits[;] (b) Assigning claims to servicing insurers[;] (c) Assessing fees from member insurers[;] (d) Monitoring the proper payment of claims[; and] (e) Performing other duties under the

act."). Accordingly, Plaintiffs' two counts seeking No-Fault PIP benefits from Defendants are inapplicable to the MAIPF because the MAIPF does not pay such benefits.

Likewise, despite Plaintiffs' statement in its Motion to Remand that their complaint seeks to have MAIPF assign their claim (Dkt. # 6, Pg. ID 59), the complaint does not contain any claim that the MAIPF has failed to fulfill its statutory duties to, *inter alia*, "make an initial determination of a claimant's eligibility for [No-Fault insurance] benefits" and "promptly assign the claim." Mich. Comp. Laws § 500.3174. The complaint only notes that Plaintiffs' claims have not been assigned to an insurer in order to explain why no claim number exists. (Dkt. # 1-1, Pg. ID 20 ("That the insurance policy above referred to under which Plaintiff[s] bring this action is: Claim Number: ASSIGNED CLAIMS [sic] has failed to assign the claim to a particular servicing insurer, so no claim number exists").)

Plaintiffs take umbrage at Liberty Mutual's use of the term "fraudulent joinder," arguing that "nothing about the addition of MAIPF can be said to be fraudulent in any manner; and certainly not a fraudulent attempt to avoid diversity jurisdiction. Liberty Mutual is simply making unfounded accusations about Plaintiffs' intent." (Dkt. # 6, Pg. ID 59.) The term, however, does not imply that Plaintiffs face a claim of actual fraud. Rather, "'Fraudulent joinder' is a term of art in federal jurisdictional analysis and does not require any sort of intentional wrongdoing or deceitful intentions. It is simply legal shorthand for deciding whether a particular party's citizenship should be disregarded in assessing subject matter jurisdiction." *Casias v. Wal-Mart Stores, Inc.*, 764 F. Supp. 2d 914, 917 (W.D. Mich. 2011). In finding that the MAIPF was fraudulently joined, neither

6

the court nor Liberty Mutual charges Plaintiffs with committing fraud. It does, however, mean that the court will disregard MAIPF's Michigan citizenship in determining whether or not there is complete diversity in this case.

Plaintiffs' only counts are for the payment of No-Fault PIP benefits, and the MAIPF cannot be held liable under either count; therefore, the court finds that there is no colorable basis for predicting that Plaintiffs could recover from the MAIPF and that MAIPF was fraudulently joined.

### IV. CONCLUSION

IT IS ORDERED that Plaintiffs Labarbara Alford, Kevin Johnson, and Desota Johnson's Motion for Remand to State Court (Dkt. # 6) is DENIED.

IT IS FURTHER ORDERED that Defendant Michigan Automobile Insurance Placement Facility is DISMISSED AS A PARTY from this case.

                                                        s/Robert H. Cleland  
                                                        ROBERT H. CLELAND  
                                                        UNITED STATES DISTRICT JUDGE

Dated: July 24, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 24, 2015, by electronic and/or ordinary mail.

                                                        s/Lisa Wagner  
                                                        Case Manager and Deputy Clerk  
                                                        (313) 234-5522